# **EXHIBIT 5**

# JAMS ARBITRATION
## No. 5220003126

**MOHAMMAD HONARKAR AND 4G WIRELESS, INC.,**

**Claimants,**

**MAHENDER MAKHIJANI; CONTINUUM ANALYTICS, INC.; et al.,**

**Respondents,**

**and**

**MOM AS INVESTCO, LLC; MOM BS INVESTCO, LLC; et al.,**

**Nominal Respondents.**

_____

## CONSOLIDATED WITH JAMS ARBITRATION NO. 5200001122

_____

## <u>RULING ON REQUEST FOR CLARIFICATION AND CONSOLIDATED SCHEDULING ORDER NO. 106</u>

A virtual interim arbitration management conference was conducted on May 12, 2025. Joseph Ybarra, Esq., and Sam Maralan, Esq., appeared on behalf of the Claimants.[1] Michael Farrell, Esq., and Scott Leipzig, appeared on behalf of the MOM Members and the MOM Managers. Anthony, Bisconti, Esq. appeared on behalf of the MOM JV Entities. There was no appearance on behalf of Makhijani and Continuum. Lawrence DeMeo, Esq., and Hakop Stepanyan, Esq. appeared on behalf of respondent Nano Banc. This Consolidated Scheduling Order No. 106 supplements Consolidated Scheduling Order No. 100 ("SO 100") dated March 22, 2024, as previously amended.

**A.    Primary Focus.** The primary focus of the conference was to discuss the request for clarification addressed in Scheduling Order No. 105 and in Paragraph B below.

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed thereto in the Partial Interim Award dated February 21, 2025 (the "Interim Award").

**B.      Ruling on Request for Clarification.** In their May 1, 2025, status report Claimants requested Arbitrator to clarify one aspect of the Partial Interim Award (the "Request"). The MOM JV Entities opposed the Request in their supplemental status report dated May 1, 2025. On May 8, 2025, the MOM JV Entities filed a supplemental brief regarding the Request, and the MOM Managers filed an opposition to the Request. (The May 1 and May 8 oppositions will be referred to collectively as the "Oppositions.") On May 9, 2025, Claimants filed a reply (the "Reply") to the Oppositions. On May 12, 2025, Arbitrator entertained argument on the Request.

The Request pertains to the sections of the Interim Award that state:

(i) "the joint venture ("JV") comprises a portfolio of commercial properties that **were previously owned by [the Honarkar Parties] and are now owned by the MOM JV Entities**." (Interim Award, p. 3, § 1 (emphasis added));

(ii) "Palm Desert Collective Resorts LLC, 424 Marguerite Ave. LLC, and 8871 Research Dr. LLC are "Held-Back LLCs" under the ACA and the Operating Agreements and thus, **were never contributed to the MOM JV Entities**." (Interim Award, p. 43, § L (3) (emphasis added)); and

(iii) "The following entities appear on Exhibit C of the Operating Agreements and ACA **but were never intended by the parties to be Contributed Entities to the JV**: 4G (Ex. 583 [Letter Agreement – 4G is the MO Member]), Modan LLC (majority owned by Niazi), BMV Apartments LLC, 7 Star Trade-In LLC, Marquis Marine LLC, Poppy and Seed LLC, The Fullest LLC, Pizza 90 Inc., Laguna Beach Company Inc., MJA Restaurants Inc., MS Nosh LLC, 331 N. Coast LLC, 331 North Coast Hwy. LLC, 2711 E. Coast Hwy. LLC, 113 Canyon Acres LLC, **Terra Laguna Beach Inc.**, Seven Degrees Laguna Inc., Rancho San Joaquin Golf Course LLC, 14 West Coast LLC, Cliff Drive NB Properties LLC, Blue Lagoon Resort LLC, Buena Vida RSM LLC, Pershing 82 LLC, and Brookline Aliso Viejo LLC." (Interim Award, p. 43, § L (4) (emphasis added).)

The Request seeks clarification as to whether the Interim Award determined the entities listed in (iii) above (the "Declaratory Relief Entities") are owned by the MOM JV Entities. Claimants contend the Interim Award determined the Declaratory Relief Entities are not owned by the MOM JV Entities. The MOM Managers, the MOM Members, Makhijani, and Continuum dispute this contention.

Arbitrator, having fully considered the Request, the Oppositions, and the Reply, together with the oral arguments of counsel on May 12, 2025, and all of the other pleadings and papers on file herein, hereby FINDS, RULES, and ORDERS as follows:

The Request is GRANTED, and Arbitrator therefore CLARIFIES the Interim Award was intended to and did in fact determine the Declaratory Relief Entities (including Terra Laguna Beach, Inc.) are not now and never have been owned by the MOM JV Entities. Any ambiguity in the Interim Award on this point is a result of my imprecise writing not my thinking. The Partial Final Award will reflect this clarification.

**C.**      **Further Interim Conference.** An interim status conference shall take place at 8:30 a.m. on June 12, 2025.

**D.**      **Effect.** SO 100 remains in full force and effect, as supplemented herein.

Dated: May 12, 2025

_____

Hon. David A Thompson (Ret.)
Arbitrator